J-A15042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| E.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.B. | : | |
| | : | |
| Appellant | : | No. 3 WDA 2023 |

Appeal from the Order Entered December 7, 2022
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD 18-009151-002

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

CONCURRING/DISSENTING MEMORANDUM BY McLAUGHLIN, J.:

**FILED: AUGUST 15, 2023**

I join the majority memorandum except for Section IV. In that portion the majority concludes that the trial court erred by failing to provide "an explanation before changing previously agreed-upon schedules to see if those schedules are in the Children's best interest as well as the parents' best interest because often those interests coincide." Majority memorandum at 18.

I am aware of no rule, statute, or case authority requiring the court to explain its decision on holiday and vacation schedules, and the majority cites none. Neither does Mother, for that matter. The court did have to state its reasons for its custody award either on the record in open court or in a written opinion. **See** 23 Pa.C.S. § 5323(d); **C.B. v. J.B.**, 65 A.3d 946, 951 (Pa.Super.

_____

* Retired Senior Judge assigned to the Superior Court.

2013). It undisputedly did so here. This aspect of the order did not order a form of custody, but rather set holiday and vacation schedules. The court therefore was not required, when rendering its decision, to explain its reasoning as to this discrete aspect of its order.